**UNITED STATES DISTRICT COURT IN AND FOR THE SOUTHERN DISTRICT OF FLORIDA (Ft. Lauderdale Division)**

CHRISTOPHER D. MARKLEY, Case No.:

Plaintiff,

v.

LOU BACHRODT CHEVROLET, INC.,

Defendant.

_______________________________________/

# COMPLAINT

Plaintiff Christopher Markley ("Plaintiff"), through counsel, alleges violations of the Federal Odometer Act 49 U.S.C. § 32701 *et seq.* ("Odometer Act") against Lou Bachrodt Chevrolet, Inc. ("Defendant" or "Bachrodt Chevrolet").

1. Consumers purchase thousands of vehicles every year from car dealerships like Bachrodt Chevrolet. Consumers rely on car dealerships to accurately disclose a vehicle's history so they can make an informed decision concerning the safety and reliability of the vehicle being purchased. However, consumers cannot make that informed decision when a car dealership misrepresents or conceals essential information about the vehicle's history.

2. Defendant is a car dealership that sells vehicles to consumers in Broward County, Florida, and as a car dealership, Defendant must comply with the strict regulatory scheme provided for in the Odometer Act. Despite its obligations,

Defendant violated the Odometer Act when it sold a "New" vehicle to Plaintiff without disclosing the vehicle's serious mechanical problems. Additionally, Defendant made false representations concerning the vehicle's mileage to further conceal its mechanical problems. Defendant must be held accountable for its actions.

**JURISDICITON AND VENUE**

3. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 49. U.S.C. § 32710(b) because this action arises out of the Odometer Act, a federal statute.

4. The Court has personal jurisdiction because Bachrodt Chevrolet does business in Broward County, Florida and the cause of action arises from a vehicle sold to Plaintiff in Broward County, Florida.

**PARTIES**

5. Plaintiff Christopher Markley is a natural person who currently resides in Broward County, Florida.

6. Defendant Bachrodt Chevrolet is a Florida for Profit Corporation with its principal place of business at 1801 W. Atlantic Blvd., Pompano Beach, Florida 33069. Bachrodt Chevrolet is a car dealership selling new and used cars in Broward County, Florida.

**APPLICABLE LAW**

7. The Odometer Act is a remedial statute and should be "broadly construed to effectuate its purpose." *Owens v. Samkle Auto. Inc.*, 425 F.3d 1318,

1322 (11th Cir. 2005); *Ryan v. Edwards*, 592 F.2d 756, 760 (4th Cir.1979) (construing the predecessor to § 32710(a)).

8. Congress enacted the Odometer Act because consumers buying vehicles moving in or affecting interstate commerce "rely heavily on the odometer reading as an index of the condition and value of the vehicle," and "an accurate indication of mileage assists a buyer in deciding on the safety and reliability of the vehicle." 49 U.S.C. § 32701(a)(1),(3).

9. In passing the Odometer Act, Congress intended to ensure consumers purchasing automobiles are provided with accurate statements of a car's mileage and prevent those consumers from being defrauded. *See Coleman v. Lazy Days RV Ctr., Inc.*, 8:05CV00930 T 17 TBM, 2006 WL 2131303, at *3 (M.D. Fla. 2006).

10. Congress mandated standardized disclosure requirements "formulated to provide consumers with transparent information about a vehicle's background, to ease investigation and prosecution of violators, and to prevent would-be violators from taking advantage of titling and registration loopholes to perpetrate odometer fraud." *Owens,* 425 F.3d at 1323-24; *see* 49 U.S.C. § 32705(a)(2)(stating a violation occurs if a transferor provides a false statement concerning: the odometer reading at the time of transfer; the date of transfer; the transferor's name and current address; the transferee's name and current address; and the identity of the vehicle, including its make, model, year, and body type, and its vehicle identification number. 49 C.F.R. § 580.5(c)(1)-(5).

11. Congress intended that consumers enforce even the most technical provisions of the Odometer Act through civil lawsuits, and if a person violates the Odometer Act, with intent to defraud, that person may be liable for three (3) times the actual damages or $10,000.00, whichever is greater. 49 U.S.C. § 32710(a); *see Owens*, 425 F.3d at 1324.

12. In proving a person's intent to defraud, a plaintiff need not prove actual knowledge. The Court may infer a defendant's intent to defraud if that person reasonably should have known of a statement's falsity or reasonably should have taken steps that would have revealed the falsity of the statement. *See Huycke v. Greenway*, 876 F.2d 94, 95 (11th Cir. 1989).

**FACTUAL ALLEGATIONS**

13. On or about April 7, 2014, the Vehicle at issue suffered a significant mechanical problem requiring its Cylinder Head Gasket to be replaced. The Vehicle had been driven approximately 418 miles when the warranty repair was performed.

14. On or about April 7, 2014, the Vehicle at issue had only been possessed by its manufacturer and a Chevrolet franchised car dealership.

15. Sometime before May, 24, 2014, the Vehicle at issue was transferred to Defendant by another Chevrolet dealership. The Vehicle was driven approximately 450 miles at the time of its transfer to Defendant.

16. On or about May 24, 2014, Plaintiff entered into a Retail Buyers Order and Retail Installment Contract with Defendant purchasing the Vehicle, a "New"

2014 Chevrolet Silverado 2500 ("Vehicle"), for a total price of $62,009.20. *See* the Retail Buyers Order attached hereto as Exhibit "A."

17. The odometer on the Vehicle when it was purchased by Plaintiff read approximately 450 miles.

18. In selling the Vehicle to Plaintiff, Defendant did not disclose that the Vehicle's Cylinder Head Gasket was replaced on April 7, 2014.

19. On June 22, 2014, Plaintiff experienced white smoke billowing from underneath the Vehicle's hood. This problem forced Plaintiff to have the Vehicle towed in for warranty repair.

20. On November 3, 2014, and December 1, 2014, Plaintiff experienced an oil leak from the Vehicle requiring him to bring it in for warranty repair.

21. On January 12, 2015, Plaintiff again experienced an oil leak from the Vehicle requiring him to bring it in for warranty repair. A service technician concluded the Vehicle's oil pan required replacement because during a prior warranty repair it was removed and not properly reconstructed.

22. The only warranty repair performed on the Vehicle requiring the oil pan to be removed was when the Vehicle's Cylinder Head Gasket was replaced on April 7, 2014.

23. After the warranty repairs, Plaintiff sold the Vehicle on November 21, 2015.

24. When the Vehicle was sold to Plaintiff, Defendant knew a significant repair had been performed, yet Defendant did not disclose this essential information.

25. Unfortunately, Defendant purposely omitted material information concerning the Vehicle's history. Plaintiff relied to his detriment on the Defendant's representations and purchased the Vehicle.

26. Plaintiff would not have purchased the Vehicle if he knew the Vehicle's Cylinder Head Gasket was replaced before its purchase.

27. Defendant attempted to cover up the Vehicle's mechanical problems by providing false information on the odometer disclosure statements used in connection with transferring ownership of the Vehicle to Plaintiff.

28. Upon information and belief, on or about May 25, 2014, Defendant, on behalf of Plaintiff, submitted an odometer disclosure statement to the Florida Department of Highway Safety and Motor Vehicles indicating ownership of the Vehicle was transferred to Plaintiff.

29. Upon information and belief, in the odometer disclosure statement submitted to the Florida Department of Highway Safety and Motor Vehicles, Defendant stated the Vehicle, on the date it was sold to Plaintiff, was driven only 38 miles.[1]

[1] The undersigned performed a VIN search of the Vehicle on the Florida Department of Highway Safety and Motor Vehicles on December 30, 2015, which is attached hereto as Exhibit "B."

30. In the Retail Buyer's Order, Defendant also stated the Vehicle, on the date it was sold to Plaintiff, was only driven 38 miles. *See* Exhibit "A."

31. The odometer disclosure statement submitted by Defendant to the Florida Department of Highway Safety and Motor Vehicles and the mileage statement on the Retail Buyers Order were and are false.

32. On April 7, 2014, the Vehicle had its Cylinder Head Gasket Replaced under warranty as indicated by the Workbench Service Report. *See* Exhibit "C."

33. The Workbench Service Report indicates the Vehicle was driven 418 miles when its Cylinder Head Gasket was replaced on April 7, 2014—prior to Plaintiff purchasing the Vehicle on May 24, 2014.

34. It is impossible the Vehicle was sold to Plaintiff with only 38 miles on the odometer because the Workbench Service Report conclusively shows the Vehicle's Cylinder Head Gasket was replaced at 418 miles.

35. Defendant provided two false odometer disclosures in connection with selling and transferring ownership of the Vehicle to Plaintiff. *See* Exhibit "A" and "B."

36. Defendant's intent in providing these false odometer disclosures was to conceal when and with whom the Vehicle's serious mechanical problems originated.

37. Defendant knew of the Vehicle's serious mechanical problems and wanted to rid itself of a potential financial loss by concealing those problems during the sale to Plaintiff.

38. Defendant was able to pass on the Vehicle's serious mechanical problems to Plaintiff, which plagued him throughout the time he owned the Vehicle.

39. Defendant's false odometer disclosures will also affect future purchasers from accurately identifying when and with whom the Vehicle's warranty repairs occurred.

40. Defendant knew, or reasonably should have known, the Vehicle's total mileage as reported on the odometer disclosure statements were false and/or Defendant failed to take reasonable steps that would have accurately disclosed the total mileage—such as simply looking at the Vehicle's odometer at the time of its sale to Plaintiff.

41. Defendant violated the Odometer Act with intent to defraud Plaintiff and all other future purchasers.

42. As a result of the Defendant's actions alleged herein, Plaintiff suffered damages, including but not limited to financial damages because of Defendant's illegal conduct.

**COUNT I AS TO BACHRODT CHEVEROLET'S VIOLATION OF THE FEDERAL ODOMETER ACT 49 U.S.C. § 32705(a)(2)**

43. Defendant is a "person" as that term is used in the Odometer Act.

44. Defendant "transferred" ownership of the Vehicle to Plaintiff when it was purchased from Defendant. 49 U.S.C. § 32702(8).

45. "A person transferring ownership of a motor vehicle may not violate a regulation prescribed under this section or give a false statement to the transferee in making the disclosure required by such a regulation."49 U.S.C. § 32705(a)(2).

46. The Odometer Act and its regulations require an accurate and truthful disclosure of a vehicle's odometer reading on any document used to transfer ownership and title of the vehicle. 49 U.S.C. § 32705(a)(1) and 49 C.F.R. § 580.5(c)(1).

47. Pursuant to 49 C.F.R. § 580.5(c), "[i]n connection with the transfer of ownership of a motor vehicle, each transferor shall disclose the mileage to the transferee in writing on the title or, except as noted below, on the document being used to reassign the title."

48. The odometer disclosure filed by Defendant with the Florida Department of Highway Safety and Motor Vehicles was a document used to transfer ownership of the Vehicle to Plaintiff.

49. Defendant knowingly violated the Odometer Act, with intent to defraud, when it made a false mileage statement in the odometer disclosure used in connection with the Vehicle's transfer of ownership to Plaintiff.

50. Pursuant to 49 U.S.C. § 32705(a)(1)(A), "a person transferring ownership of a motor vehicle shall give the transferee … Disclosure of the cumulative mileage registered on the odometer."

51. The Defendant prepared and used the Retail Buyers Order in transferring ownership of the Vehicle to Plaintiff.

52. The mileage statement contained in the Retail Buyers Order given to Plaintiff was and is false.

53. Defendant knowingly violated the Odometer Act, with intent to defraud, when it made a false mileage statement on the Retail Buyers Order used to transfer ownership of the Vehicle to Plaintiff.

54. By providing the false odometer disclosures, Defendant intended to defraud all future purchasers of the Vehicle by concealing when and with whom the Vehicle's warranty repair work was performed.

55. Because of the Defendant's Odometer Act violations, Plaintiff suffered substantial damage, including but not limited to financial damage incurred from Defendant's fraudulent scheme in selling the Vehicle to Plaintiff.

## JURY DEMAND

56. Plaintiff is entitled to and respectfully demands a trial by jury on all issues so triable.

## RELIEF REQUESTED

57. Wherefore, Plaintiff respectfully requests this Court enter judgment against Defendant for all of the following:

a. Three (3) times the Plaintiff's actual damages;

b. Statutory damages;

c. Costs and attorney's fees;

d. An order that Defendant or anyone acting on its behalf are immediately restrained from altering, deleting, or destroying any documents or records relevant to the Plaintiff's claims herein; and

e. Such other and further relief as the Court may deem just and proper.

Dated: February 11, 2016

Respectfully Submitted,

HICKS, MOTTO & EHRLICH, P.A.
3399 PGA Boulevard, Suite 300
Palm Beach Gardens, FL 33410
Telephone: (561) 683-2300
Facsimile: (561) 697-3852

*/s/ J. Dennis Card, Jr.*
J. DENNIS CARD, JR., ESQUIRE
Florida Bar Bo.: 487473
dcard@hmelawfirm.com
DARREN R. NEWHART, ESQ.
Florida Bar No.: 0115546
dnewhart@hmelawfirm.com

Attorneys for the Plaintiff